PEOPLE ex rel. GARVEY v. MARINE COURT.    443

First Department, July Term, 1877.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN GARVEY v. THE JUSTICES OF THE MARINE COURT OF THE CITY OF NEW YORK.

*Marine court of the city of New York — power of, to issue attachments — chap.* 300 *of* 1831.

Where an action has been commenced in the Marine Court of the city of New York by the personal service of a summons upon a defendant, a non-resident of the county of New York but a resident of the county of Richmond, the court may, under chapter 300 of 1831, issue an attachment against his goods as a non-resident.

CERTIORARI issued to the justices of the Marine Court, to review the action of that court in granting an attachment against the property of the relator in the city of New York, after suit brought and pending, commenced by service of summons upon the defendant, in which one Nugent was plaintiff and Garvey defendant, upon the ground that Garvey was a resident of Richmond county, and a non-resident of the city of New York.

This action was on a contract for services rendered by plaintiff to defendant, and the amount for which judgment was asked was $478.59.

*George C. Genet*, for the relator.

*M. B. Field*, for the respondent.

BRADY, J. :

Assuming that the writ of *certiorari* is the proper mode of procedure herein to accomplish the object the relator had in view, and considering the question of jurisdiction on its merits, the writ is unavailable.   The Marine Court possesses the power of issuing attachments against non-residents of this county, and the source of its authority is shown by the able opinion of Justice McAdam, rendered on the motion to discharge the attachment made at a Special Term of the Marine Court.   The act of 1831, chapter 300, by section 33, declares that whenever, by the provisions of the thirtieth

444    PEOPLE ex rel. GARVEY v. MARINE COURT.

First Department, July Term, 1877.

section, no warrant could issue, and "the defendant shall reside out of the county, he shall be proceeded against by summons or attachment." Section 47 of the act declared that the provisions of the act from the twenty-ninth section, inclusive, shall apply to executions, warrants and other process issued by the Marine Court.

The act of 1852, chapter 389, section 9, declared that in all cases in which the jurisdiction of the Marine Court was limited so that there could be no recovery therein for a larger amount than $100, to which it was limited by act of 1817, the jurisdiction was extended, so that in such actions the recovery of either party might be to the amount of $250.

In 1853, by chapter 617, a similar provision was enacted, enlarging the jurisdiction to $500 (section 2), and it was held that these acts extended the power of that court to issue an attachment against the property of a non-resident, when the amount claimed did not exceed $500. (*Churchill* v. *Marsh*, 4 E. D. Smith, 369.) This question was discussed in that case elaborately, and the result stated arrived at and adopted. The action had been commenced by attachment under the provisions of the act of 1831 (*supra*) against the defendant as a non-resident, and the proceeding was declared to be lawful and effective. There has been no legislation since restricting the jurisdiction thus employed, as we learn by examination of the acts of 1872 and 1875 relating to the Marine Court. The effect of their operation seems to be to increase it.

The act of 1872 (chapter 629) enlarging the jurisdiction of the court, declared by section 1, that it should continue to be vested with the jurisdiction "now conferred upon it by law," except as otherwise prescribed, declared and enlarged by the act. The sixth section provided that in all cases where a warrant was then allowed by statute to issue from out of that court, for the arrest of a person, an order of arrest might be granted, to be applied for in the action, and for like causes, and in like manner as then required by the provisions of the Code of Procedure; and further, that an attachment against property might issue in an action in that court for like causes, and in the manner and with the like effect as allowed and prescribed by the provisional remedy of the Code of Procedure, "*and for causes allowed by existing law in said Marine Court.*"

The existing law, as we have seen, was contained in provisions of

PEOPLE ex rel. GARVEY v. MARINE COURT.     445

First Department, July Term, 1877.

sections 33 and 47 of the act of 1831 (*supra*), and which authorized that court, where the fact would not empower it to issue a warrant to proceed by attachment, if the defendant should reside out of the county, and the effect of the provisions of that sixth section was therefore to enlarge the jurisdiction, so that in cases where the defendant lived in the county he could be proceeded against, if the plaintiff could present a case contemplated by the Code.

The subsequent act of 1875 (chapter 479) recognizes, by section 1, the jurisdiction of the court. It declares that such jurisdiction is extended in all causes of action of which the court has then jurisdiction, so as to comprehend recoveries in all such actions wherein the sum of money or value of the thing recovered shall not exceed $2,000. It also recognizes the power of the court to issue attachments against non-residents of the county, by section 41, which begins as follows: " In all cases of non-residents of the county against whose property attachments have been issued," etc., " the right to issue attachments as original process, does not appear to have been interfered with, therefore, and continues to the present time. The apparent inconsistency of allowing an attachment in that court against a debtor, because he is non-resident of the county, when it could not be had in this court, may be a matter for legislative interference, but it arises from the necessity which prompted the gift of jurisdiction by the act of 1831 to the Marine Court, in order to secure the property of a non-resident debtor without resort to the more expensive proceedings of an action in a court of record, and the omission in subsequent legislation of limiting the powers to the cases for which it was designed and to which it was originally limited.

By enlarging the jurisdiction as to amount, and without diminishing it in any respect, the legislature left existing laws intact, and preserved the process of attachment.

For these reasons the writ is dismissed.

DAVIS, P. J., concurred.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

Writ dismissed.